## MAIR v. FORBES et al.

### No. 11,431; May 1, 1889.

#### 21 Pac. 552.

**Negotiable Instruments—Bona Fide Holders—Complaint.**—An answer in an action by one claiming to be a bona fide indorsee for value before maturity of a bill of exchange drawn on and accepted by defendants' testator, denying on information and belief that the drawer of the bill ever transferred it to plaintiff by indorsement or otherwise, as alleged in the complaint, that it was ever delivered to plaintiff, that he paid any value therefor, or that he was ever the bona fide holder or owner thereof, puts in issue plaintiff's title to the bill, and it is error to render judgment in his favor without proof of title.

APPEAL from Superior Court, City and County of San Francisco; J. F. Sullivan, Judge.

Action by Hugh Mair against Charles Forbes and Mary A. Forbes, executor and executrix of the will of Alexander Forbes, deceased, upon a bill of exchange alleged to have been drawn by Robert Knox on said Alexander Forbes, for £500, and accepted by the latter. The complaint alleged that said Knox, for value, and before maturity, indorsed and delivered the same to respondent, who was the holder and owner thereof, and that the defendants refused to pay it when due. Defendants answered, denying that the said Knox transferred the bill to plaintiff by indorsing the same as alleged in the complaint, or in any other manner. They denied that the bill was ever delivered to plaintiff, that he paid any value therefor, or that he was ever its bona fide holder or owner. These denials were made upon information and belief. There was judgment for plaintiff, and defendants appeal.

Henry E. Highton for appellants; Rosenbaum & Sheeline for respondent.

BEATTY, C. J.—Action upon bill of exchange against executors of deceased acceptor. The pleadings are verified. Judgment was rendered in favor of the plaintiff on the pleadings, defendants excepting. We think the answer was sufficient to raise an issue as to the ownership of the bill, and consequently that the rendition of the judgment without any proof of plaintiff's title was error. Judgment reversed, and cause remanded.

We concur: Works, J.; Paterson, J.